IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** *Plaintiff,* | § § § § § § § § § | |
| **v.** | | **6:19-CR-338-ADA** |
| **LUCAS JAMES TIGHE,** *Defendant.* | | |

ORDER ADOPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation of United States Magistrate Judge Jeffrey C. Manske. ECF No. 224. The Report recommends that this Court deny the Mr. Tighe's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. The Report was filed on March 31, 2022. Mr. Tighe filed an objection to Judge Manske's Report. ECF No. 224.

A party may file specific, written objections to the proposed findings and recommendations of the magistrate judge within fourteen days after being served with a copy of the Report and Recommendation, thereby securing *de novo* review by the district court. 28 U.S.C. § 636(b). In this case, Defendant timely filed an objection to the Report and Recommendation on April 7, 2022.

**I. DISCUSSION**

In his § 2255 Motion, Mr. Tighe alleged ineffective assistance of counsel for several reasons. The third reasons, that counsel was ineffective for failing to consult him about filing an appeal, was referred to Judge Manske and is the subject of his Report. Judge Manske held an evidentiary hearing on this issue. ECF No. 220.

Considering Defendant's objection and the Government's response, the Court has undertaken a de novo review of the Report and Recommendation and the Motion to Vacate, Set

1

Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. After thorough review of the motion, the government's response, and the applicable law, the Court finds that Defendant's Motion should be denied.

Defendants have a constitutional right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984) Ineffective assistance of counsel claims are properly brought as § 2255 motions. *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). In order to succeed on an ineffective assistance of counsel claim, a defendant must prove that (1) his "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Both prongs must be satisfied under the conjunctive *Strickland* test. *Id*. In determining whether performance was deficient, counsel's actions are judged by a "reasonableness" standard, with prevailing professional norms serving as "guides to determine what is reasonable." *Id*. at 688. The Supreme Court has further stated that courts are to be "highly deferential" to counsel on this inquiry, indulging a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. With regard to a defendant's request to appeal, "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).

As Judge Manske noted in his Report, Mr. Tighe's claim differs from that of a typical ineffective assistance of counsel claim. Mr. Tighe alleges that counsel failed to visit him in jail after sentencing to determine if he wanted to appeal, not that he instructed his counsel to file an appeal and she failed to do so. ECF No. 223 at 6. Whether counsel's failure to consult with the defendant about an appeal is ineffective assistance will vary on the facts of each case. *Flores-Ortega*, 528 U.S. at 479.

Here, Mr. Tighe has not met his burden to show that he received ineffective assistance of counsel. His sentencing attorney, Ms. Sharon Diaz, consulted with him both before and at the hearing about his appellate rights. ECF No. 224 at 8. The Court also informed Mr. Tighe of his appellate rights during sentencing. *Id.* Lastly, Mr. Tighe never asked his attorney to file a notice of appeal. *Id.* Because Mr. Tighe did not instruct counsel to file an appeal, he has failed to demonstrate that counsel's performance was deficient or prejudicial in the instant circumstances. *Strickland*, 466 U.S. at 687, 691. Mr. Tighe's ineffective assistance of counsel claim should therefore be denied.

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's objections to the Report and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation of United States Magistrate Judge Manske, ECF No. 224, is **ACCEPTED AND ADOPTED**. The Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 200) is **DENIED**.

SIGNED this 11th day of April, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE